**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

October 21, 2020

LETTER TO COUNSEL:

    RE:   *Bioiberica Nebraska, Inc. v. Nutramax Manufacturing, Inc.*
             Civil No. SAG-18-3133

Dear Counsel,

    This Court has reviewed Plaintiff Bioiberica Nebraska, Inc.'s ("Bioiberica Nebraska's") Motion For Partial Reconsideration Of Order Denying Leave To File Entire Third Amended Complaint ("TAC"), ECF 51-1, along with the opposition filed by Defendant Nutramax Manufacturing, Inc. ("Nutramax"), ECF 54, and Bioiberica Nebraska's Reply, ECF 55. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth herein, Bioiberica Nebraska's Motion will be denied.

    Rule 54(b) allows for the court to consider revising an interlocutory order where a party can show: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and alteration omitted). Plaintiff's Motion has not identified any intervening change of law or new evidence. Furthermore, the Motion fails to demonstrate how this Court's Order, ECF 49—and specifically its refusal to allow Bioiberica Nebraska to file its delegation, assignment and modification theory as part of the TAC (the "Modification Theory")—constitutes clear error, or causes manifest injustice.[1]

    Bioiberica Nebraska's initial argument is that the Court improperly dismissed the Modification Theory because it was a new argument. ECF 51-1 at 5-9. This misstates the Court's basis for dismissal. While the Court's order did mention Bioiberica's changing theories of recovery, it based dismissal on its substantive analysis of the Modification Theory, and explained why it failed given the facts of this case. *See* ECF 49 at 2-4.

    Next, Bioiberica Nebraska argues that the Court committed clear error by failing to address the facts alleged in the TAC regarding the Modification Theory, and in particular its contention that the Purchase Order and attached Terms and Conditions required written acceptance that was never given. ECF 51-1 at 11-17. The Court, however, did consider the facts that Bioiberica Nebraska now raises, and simply came to a different conclusion. Namely, it concluded that the Purchase Order could not plausibly be read to *require* written acceptance and instead expressly

---

[1] Because Bioiberica Nebraska already had several opportunities to amend its Complaint, this Court considered whether the TAC could survive a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), in assessing whether leave to amend should be granted for a third time. ECF 49 at 1.

*Bioiberica Nebraska, Inc. v. Nutramax Manufacturing, Inc.*
Civil No. SAG-18-3133
October 21, 2020
Page 2

contemplated acceptance via shipment, which is a well-established method of acceptance under Maryland law. ECF 49 at 3. Bioiberica Nebraska's displeasure with the outcome of the Court's Rule 12(b)(6) review is not a basis for reconsideration.

Lastly, Bioiberica Nebraska alleges that the Court incorrectly concluded that assignment and delegation did not occur here. ECF 51-1 at 17-20. To that end, it cites case law detailing how assignment of a contract can be valid even though the contract requires written consent, where the non-assigning party waives this requirement by performing the contract after the assignment. *Id.* Yet, even if Nutramax waived any restrictions regarding delegation and assignment by virtue of its acceptance of performance from a different party, that does not change the outcome here.

Nothing in the TAC plausibly suggests that Nutramax acquiesced to the modification of the contract terms by the Invoice, irrespective of which Bioiberica entity was allowed to perform. That Nutramax may have waived any objection to assignment or delegation does not mean that it also agreed to abide by any contractual modifications the newly substituted entity sought to insert into the agreement. Moreover, to the extent the TAC suggests that Nutramax's subsequent payments constituted acquiescence to modification given the language of Bioiberica's invoices, *see* ECF 45 at 13, this argument falls short of the plausibility bar given the very explicit language in the Nutramax Terms and Conditions that "[a]ny commercial terms in [Bioiberica's] . . . invoice . . . are excluded and shall have no force or effect," ECF 1-1 at 6. Against the backdrop of this exclusionary language, it is impossible to interpret payment (based on a unit price originally set in the Purchase Order), as plausibly constituting acceptance of modification via invoices Nutramax explicitly sought to exclude. While Bioiberica Nebraska may be able to successfully argue novation such that this exclusionary language is no longer part of the contract, for the purposes of its Modification theory the exclusion constitutes a fundamental roadblock.

Therefore, Bioiberica Nebraska has, at best, plausibly alleged delegation and assignment of the original contract terms embodied in the Purchase Order and its Terms and Conditions, neither of which contain language to support its claims for the payment of additional fees, ECF 43 at 12. No clear error occurred in the denial of Bioiberica Nebraska's attempt to include the Modification Theory in the TAC.

The Court will deny Nutramax's request for costs and attorneys' fees associated with opposing the motion for reconsideration, as it does not deem the motion for reconsideration to have been an abusive litigation practice. For the reasons set forth above, however, Plaintiff's Motion to Reconsider, ECF 51-1, is DENIED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                              Sincerely yours,

                                              /s/

                                              Stephanie A. Gallagher
                                              United States District Judge