IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BIOIBERICA NEBRASKA, INC.,** | * |
| Plaintiff, | * |
| v. | *   Civil Case No. 1:18-cv-03133-SAG |
| **NUTRAMAX MANUFACTURING, INC.,** | * |
| Defendant. | * |

************

## MEMORANDUM OPINION

**I.     Analysis**

Plaintiff Bioiberica Nebraska, Inc. ("Bioiberica Nebraska") filed this lawsuit more than two years and three months ago, on October 10, 2018. ECF 1. It filed an Amended Complaint shortly thereafter. ECF 8. United States District Judge George L. Russell III granted a motion to dismiss that Amended Complaint, ECF 20, and the case was then transferred to this Court's docket in September, 2019. Since that time, this Court has issued a series of decisions: allowing a motion to file a Second Amended Complaint, ECF 24, granting a motion to dismiss the Second Amended Complaint, ECF 43, granting in part a motion to file a Third Amended Complaint, ECF 49, and denying Bioiberica Nebraska's Motion for Reconsideration regarding the Third Amended Complaint. ECF 57. Defendant Nutramax Manufacturing, Inc. filed an answer to the Third Amended Complaint, ECF 53, and this Court finally issued a scheduling order on October 16, 2020, to allow the case to proceed to discovery and eventual disposition. ECF 56. About a month later, however, Bioiberica Nebraska filed a Motion to File a Fourth Amended Complaint, ECF 60. Nutramax filed an opposition, ECF 62, and Bioiberica Nebraska filed a reply, ECF 68. No hearing is necessary, because the legal issues presented by the Motion are adequately addressed in the

1

parties' briefings. *See* Loc. R. 105.6 (D. Md. 2018); *see also, e.g.*, *Huff v. U.S. Dep't of Army*, 508 F. Supp. 2d 459, 461 (D. Md. 2007); *Envirotech Chem., Inc. v. Compass Rose Fin. Servs., Inc.*, No. WDQ-07-1616, 2007 WL 9780567, at *1 n.2 (D. Md. Oct. 4, 2007) (deciding, without a hearing, a motion for leave to amend the complaint, and a motion to dismiss, despite the parties' joint request for a hearing). For the reasons that follow, Bioiberica Nebraska's Motion for Leave to File a Fourth Amended Complaint will be denied.

This Court will dispense with providing a detailed factual and procedural background, given the extensive reviews in this Court's prior substantive opinions. It is worth noting, however, that the proposed Fourth Amended Complaint contains entirely new factual allegations. *See* ECF 60-3 at 1 ("The proposed Fourth Amended Complaint corrects certain incorrectly alleged but material facts in the Third Amended Complaint, adds additional facts as to which Plaintiff's counsel was unaware and misunderstood at the time the earlier complaints were filed, and adds three material exhibits whose addition should be dispositive of the case on its merits."). Bioiberica Nebraska argues, "Before the Fourth Amended Complaint, Plaintiff's counsel was unaware of and did not have a copy of the initial invoice sent by Bioiberica Nebraska on behalf of Bioiberica S.A.U to Nutramax and believed the intra-company invoice from Bioiberica S.A.U. to Nutramax was an invoice sent to Nutramax by Bioiberica S.A.U." *Id.* at 10-11. However, Bioiberica Nebraska offers no explanation of how its counsel could have been unaware, for more than two years, of its own invoice that lies at the heart of its claims.

Leave to amend is generally denied only if only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986). At this point, Bioiberica Nebraska's litigation strategy amounts to bad faith. This Court has afforded it multiple opportunities to amend its complaints to assert the new legal theories it propounded, only to have

it abandon each theory and propose an entirely new one.  As noted above, the case has now been pending for more than two years, and has only just reached the point of discovery, although Nutramax has been subjected to round after round of extensive briefing on the various iterations of Bioiberica Nebraska's complaints.

As this Court stated months ago, "a plaintiff who treats his complaint like the game of Battleship, moving the target across the board every time it suffers a fatal blow, acts in bad faith, and should not be entitled to leave to amend."  ECF 43 (July 23, 2020 opinion citing *Carter v. SNC-Lavalin Constructors, Inc.*, No. DKC-17-3198, 2019 WL 918382, at *3 (D. Md. Feb. 25, 2019) ("Bad faith generally involves changing legal theories and the belated presentation of facts which the pleader was already aware of in an effort to delay ultimate resolution," or "using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [and] to present theories seriatim in an effort to avoid dismissal[.]" (internal citations and quotations omitted))); *Walker v. Trans Union, LLC*, No. PWG-16-3926, 2017 WL 4786625, at *2-3 (D. Md. Oct. 24, 2017) ("When 'a party is granted leave to amend but fails to address the problem, that party should not be surprised when the court does not give it a third or fourth chance.'" (quoting STEVEN S. GENSLER, FED. R. CIV. P. RULES & COMMENTARY 288-89 (2011))).  In July, 2020, this Court granted Bioiberica Nebraska leave, as it had sought, to file its Third Amended Complaint to pursue a theory of novation, making clear that there would be no further opportunities to revise the theory it pursued.  ECF 43 at 19 ("Bioiberica Nebraska, however, will be given one final chance to bring forth all of the facts it has to support its theory that the original Purchase Order was novated by agreement of all parties.").  Bioiberica Nebraska now seeks to abandon that theory in its entirely to pursue its new theory premised on these facts it just "discovered."  A court need not "keep giving a party repeated chances to amend." *Walker*, 2017

WL 4786625, at *3 (quoting GENSLER, *supra*, at 288-89); *see also United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (upholding the district court's denial of leave to amend to a plaintiff who amended his complaint three times over the span of two years, because granting leave to amend again, "when Relator was on notice of the deficiencies before filing the most recent amended complaint, would undermine the substantial interest of finality in litigation and unduly subject Takeda to the continued time and expense occasioned by Relator's pleading failures" (footnote omitted)), *cert. denied*, 134 S. Ct. 1759 (2014); *Walker*, 2017 WL 4786625, at *3.  Bioiberica simply cannot be permitted to change its legal theories in perpetuity, serving only to unduly prolong this litigation.[1]  In the absence of any proffered justification for its carelessness or lack of diligence in ferreting out the factual basis underlying its newly-proposed claims in the two years since it filed this lawsuit, Bioiberica Nebraska's motion for leave to file a Fourth Amended Complaint will be denied.

## II.     CONCLUSION

For the reasons set forth above, Bioiberica's Motion for Leave to File Fourth Amended Complaint, ECF 60, is DENIED.  To the extent the parties require minor modification of the existing scheduling order if Bioiberica Nebraska intends to proceed with respect to the Third Amended Complaint, they should confer and propose a joint modified schedule.  In light of the finding of bad faith made herein, this Court will entertain a separate motion from Nutramax seeking reasonable costs and attorneys' fees incurred in opposing the Motion for Leave to File Fourth Amended Complaint.  Any such motion must be filed on or before February 8, 2021, with oppositions and replies to be due on a standard schedule.

---

[1] As Bioiberica Nebraska itself acknowledges, the parties have another, presumably larger-stakes dispute pending in another forum.  ECF 60 at 7-8 n.1.  Bioiberica Nebraska posits that this case has been used as a bargaining chip with respect to that one, calling the parties' litigation motivations in this Court into some question.  *Id.*

Dated: January 25, 2021

/s/
Stephanie A. Gallagher
United States District Judge